UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES McCRANEY** | **CIVIL ACTION** |
| **versus** | **NO. 06-10814** |
| **WARDEN TIM WILKINSON**<br>**WINN CORRECTION CENTER** | **SECTION: "J" (5)** |

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, James McCraney, and the State's response thereto. (Rec. docs. 1, 7) Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that McCraney's petition be **DISMISSED WITH PREJUDICE**.

### I. PROCEDURAL HISTORY

Petitioner, James McCraney, is a state prisoner currently incarcerated at the East Carroll Detention Center, Lake Providence,

Louisiana.[1]  On December 6, 2000, he was convicted of distribution of cocaine within one thousand feet of school property in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.  On January 26, 2001, he was sentenced to a term of twenty-two years imprisonment with the first five years to be served without benefit of parole, probation, or suspension of sentence.  On direct appeal, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence in a published opinion on September 25, 2001.  State v. McCraney, 798 So.2d 227 (La. App. 5th Cir. 2001).  He did not seek review of that judgment in the Louisiana Supreme Court.

McCraney thereafter filed with the state district court a motion for reconsideration of sentence on February 28, 2002, which was denied on March 7, 2002.  (St. ct. rec., vol. 2 of 3)

McCraney next filed with the state district court an application for post-conviction relief on August 9, 2002, which was denied on October 28, 2002.  (St. ct. rec., vol. 2 of 3)

McCraney then filed with the state district court a "Memorandum in Support of Application for an Out-of-Time Appeal or Post Conviction Relief" on March 4, 2004, which was denied on March

---

[1] At the time this federal application was filed, McCraney was incarcerated at the Winn Correctional Center in Winnfield, Louisiana; however, he has since been transferred and is currently incarcerated at the East Carroll Detention Center.

15, 2004. (St. ct. rec., vol. 2 of 3) The Louisiana Fifth Circuit Court of Appeal denied his related writ application in an unpublished decision on April 30, 2004. McCraney v. Louisiana, No. 04-KH-485 (La. App. 5th Cir. Apr. 30, 2004). (St. ct. rec., vol. 2 of 3) He did not seek review of that judgment in the Louisiana Supreme Court.

McCraney also filed with the state district court a "Motion to Correct Illegal Multiple Offender Sentence" on January 28, 2005, which was denied on February 4, 2005. (St. ct. rec., vol. 2 of 3). The Louisiana Fifth Circuit Court of Appeal denied his related writ application in an unpublished decision on March 16, 2005. State v. McCraney, No. 05-KH-292 (La. App. 5th Cir. Mar. 16, 2005). (St. ct. rec., vol. 2 of 3) The Louisiana Supreme Court likewise denied a related writ application on February 17, 2006. State ex rel. McCraney v. State, 924 So.2d 1004 (La. 2006).

Lastly, McCraney filed with the state district court a "Motion for Reconcideration [sic], Amendment and or Modification of Sentence" on March 30, 2006, which was denied on April 26, 2006. (St. ct. rec., vol. 2 of 3)

On November 6, 2006, McCraney filed the instant federal petition for habeas corpus relief. (Rec. doc. 1) In its response, the State argues that the petition is subject to dismissal both because McCraney failed to exhaust his state court remedies and

because the petition is untimely. (Rec. doc. 7) The State is correct.

**II. EXHAUSTION**

Pursuant to 28 U.S.C. §2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking habeas corpus relief from the federal courts. "To exhaust, a petitioner must have *fairly presented* the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted; emphasis added). Further, "[a] federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has made clear that "[t]his requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id.

Generally, these requirements are satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). Accordingly, to determine whether petitioner exhausted his state court remedies, the Court must compare the claims asserted in

the instant federal application to the claims asserted in the writ application he filed with the Louisiana Supreme Court.

In his federal application, McCraney asserts the following claims:

1. The District Attorney withheld evidence from the defense;
2. The Bill of Information was defective;
3. McCraney was improperly identified;
4. There was insufficient evidence to support the conviction;
5. McCraney was sentenced based on an inaccurate pre-sentencing investigation report, and the defense was not given sufficient time to review and correct that report;
6. McCraney received ineffective assistance of counsel; and
7. The trial court improperly instructed the jury.

The record reflects that petitioner's only Louisiana Supreme Court writ application challenging this conviction and sentence was in case number 2005-KH-1414. (See Rec. docs. 9, 10)

In that writ application,[2] McCraney asserted a single, and entirely different, claim, i.e. that the trial court failed to comply with La.C.Crim.P. art. 894.1 during the sentencing proceeding.

Therefore, the Court finds that McCraney has not fairly presented the substance of any of his instant claims to the Louisiana Supreme Court. Accordingly, he has not exhausted his state court remedies with respect to his claims, and his federal petition is subject to dismissal on that basis.

However, for the following reasons, the Court finds that McCraney's federal petition is also untimely and should therefore be dismissed with prejudice on that basis.

**III. TIMELINESS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his §2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. §2244(d)(1)(A).[3]

---

[2] A copy of that writ application is contained in Volume 3 of the state court record.

[3] Although §2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, the parties do not contend that those alternative provisions are applicable in the instant case.

- 6 -

On September 25, 2001, the Louisiana Fifth Circuit Court of Appeal affirmed McCraney's conviction and sentence. Therefore, at the latest, the underlying state criminal judgment in this case became final on October 25, 2001, when his thirty-day period expired for filing a writ application with the Louisiana Supreme Court to challenge the Court of Appeal's judgment. Louisiana Supreme Court Rule X, §5(a); see also McGee v. Cain, 104 Fed. App'x 989, 991 (5th Cir. 2004); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003). Accordingly, pursuant to 28 U.S.C. §2244(d)(1)(A), McCraney's federal limitations period commenced on that date and expired one year later, unless that deadline was extended by tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. §2244(d)(2).

Two hundred eighty-seven (287) days of the limitations period elapsed prior to being tolled by the filing of the post-conviction application on August 9, 2002.[4] That application was

---

[4] That application was stamped as filed by the clerk of court on August 19, 2002. However, the United States Fifth Circuit Court of Appeals has held that federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a state court

denied on October 28, 2002, and the federal statute of limitations then resumed running thirty days later, i.e. on November 27, 2002, when McCraney's period expired for seeking review of that denial in

---

filing, and so such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Petitioner's application was dated August 9, 2002; therefore, that is the earliest date it may be considered "filed."

The Court notes that McCraney had filed other documents in the state courts prior to that date. However, for the following reasons, those filings did not toll the federal statute of limitations.

On February 28, 2002, McCraney had filed with the state district court a motion for reconsideration of sentence on February 28, 2002. That motion was denied as untimely pursuant to La.C.Cr.P. art. 881. The United States Supreme Court has made clear that when a state application has been rejected as untimely, it cannot be considered "properly filed" and therefore does not entitle a petitioner to any statutory tolling under 28 U.S.C. § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). The Supreme Court concisely noted that when the state court denies a state application as untimely "'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414 (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)). However, even if McCraney were given tolling credit for that motion, his federal application would still be untimely.

McCraney had also filed two motions and an application for a writ of mandamus seeking copies of transcripts and documents. However, those filings cannot fairly be considered applications for state post-conviction relief or other collateral review for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001). Nevertheless, again, even if McCraney were given tolling credit for those filings, his federal application would still be untimely.

the Louisiana Fifth Circuit Court of Appeal. Louisiana Courts of Appeal Uniform Rule 4-3; see also Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 770 (5th Cir. 2004); Campbell v. Cain, Civ. Action No. 06-3983, 2007 WL 2363149, at *3 (E.D. La. Aug. 15, 2007).

At that point, McCraney then had seventy-eight (78) days of the limitations period remaining, meaning that his federal limitations period expired on February 13, 2003, unless that deadline was again extended by additional tolling.

McCraney had no state applications for post-conviction relief or other collateral review pending at any time during the period from November 28, 2002, through February 13, 2003. Accordingly, he clearly was not entitled to further statutory tolling.[5]

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably

---

[5] The Court notes that McCraney filed other applications for post-conviction relief or other collateral review after this period. However, because those applications were filed after the expiration of the statute of limitations, they have no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).
However, "[e]quitable tolling applies principally where the
plaintiff is actively misled by the defendant about the cause of
action or is prevented in some extraordinary way from asserting his
rights."  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)
(quotation marks omitted).  A petitioner bears the burden of proof
to establish entitlement to equitable tolling.  Alexander v.
Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  McCraney has brought
forth no evidence demonstrating that he is entitled to such
tolling, and this Court knows of no reason that would support
equitable tolling of the statute of limitations in this case.

Because McCraney is entitled to neither further statutory tolling nor equitable tolling, his federal application for habeas corpus relief had to be filed on or before February 13, 2003, in order to be timely.  His federal application was not filed until November 6, 2006,[6] and it is therefore untimely.

## RECOMMENDATION

---

[6] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  McCraney signed his application on November 6, 2006, which is the earliest date he could have presented it to prison officials for mailing.

Accordingly, **IT IS RECOMMENDED** that the petition for federal habeas corpus relief filed by James McCraney be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  26   day of February, 2009.

_____
**ALMA L. CHASEZ**
**UNITED STATES MAGISTRATE JUDGE**